UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ILYA FELIKSOVICH IOSILEVICH,

                     Plaintiff,

v.

HOFSTRA UNIVERSITY, CITIBANK, N.A., and CITIGROUP, INC.,

                     Defendants.

**MEMORANDUM AND ORDER**

20-cv-5085 (LDH)

---

LASHANN DEARCY HALL, United States District Judge:

Ilya Feliksovich Iosilevich ("Plaintiff"), proceeding pro se, brings the instant action against Hofstra University ("Hofstra"), Citibank, N.A., and Citigroup, Inc. (together "Citibank," and with Hofstra, "Defendants"), asserting breach of contract claims to recover payments made to Hofstra using Plaintiff's Citibank credit card. Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint in its entirety.

## BACKGROUND[1]

On September 25, 2020, Plaintiff filed a form complaint in the Civil Court of the City of New York, Kings County, under Index No. CV-015953-20/KI (the "State Court Action"). (Not. Removal ¶ 1.) The form is largely bare, but, in it, Plaintiff requests that Citibank fulfill its contractual obligations by "recommencing" the credit card dispute process and returning to Plaintiff two separate payments made to Hofstra on May 10, 2017 and June 1, 2017, in the total

---

[1] The following facts taken from the amended complaint are assumed to be true for the purpose of this memorandum and order.

amount of $1,000. (Compl. at 4,[2] ECF No. 1-1.) In addition to the return of the $1,000, Plaintiff seeks $500 that he allegedly lost for time away from work. (*Id.*)[3]

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*,

---

[2] When citing to the complaint, the Court refers to the page numbers of the PDF for the document filed at ECF No. 1-1.

[3] On September 30, Plaintiff served the complaint on Citibank. (Not. Removal ¶ 4, ECF No. 1.) On October 22, 2020, prior to service being made upon Hofstra or Citigroup, Citibank N.A. timely removed the action to federal court. (*Id.* ¶ 5; *see also* 28 U.S.C.§ 1446(b).)

521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

The Supreme Court has held, specifically in relation to a complaint filed pro se, that "[s]pecific facts are not necessary" to satisfy Rule 8, and that a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson*, 551 U.S. at 93). The reason for this is plain, given that pro se complaints are "to be liberally construed," and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal citations omitted). Against this backdrop, the Second Circuit has held that "dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Boykin*, 521 F.3d at 216.

## DISCUSSION

Defendants, in separate motions, seek dismissal of the complaint for failure to state a claim pursuant to Rule 12(b)(6). Citibank, construing the complaint as asserting a claim under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666(a), argues that claim must be dismissed as untimely. (Citibank Mem. at 3–5, ECF No. 11-2.) Citibank further argues that Plaintiff's breach of contract claim fails because Plaintiff has not alleged any of the necessary elements. (*Id*. at 5.) Hofstra argues the breach of contract claim against it should be dismissed for the same reason. (Hofstra Mem. at 4, ECF No. 12-2.) Plaintiff did not oppose either motion. For the reasons stated below, the Court agrees with Citibank and dismisses the FCBA claim. The Court declines to exercise jurisdiction over Plaintiff's state law breach of contract claims.

3

### I. Plaintiff's FCBA Claim

Citibank maintains that Plaintiff's purported contract claim is properly construed as a claim under the FCBA. (Citi Mem. at 3–5.) The Court agrees. The FCBA "requires creditors to investigate alleged billing errors if the borrower contacts the creditor within sixty days of the creditor's transmission of the statement containing the alleged error." *Green v. Nissan Manhattan, Inc.*, No. 12-cv-4389, 2013 WL 2444630, at *3 (E.D.N.Y. June 4, 2013) (citing 15 U.S.C. § 1666(a)). Because Plaintiff requests that Citibank "recommenc[e] credit card dispute process and charge back two transactions[,]" he is asserting a claim under the FCBA. (Compl. at 4.)

That said, and as Citibank rightly argues, the claim is time barred. Any claim brought pursuant to the FCBA is subject to a one-year statute of limitations. *See Green,* 2013 WL 2444630, at *3 ("As part of [the Truth in Lending Act ('TILA')], the FCBA is . . . subject to TILA's one-year statute of limitations"); *see also Jaffe v. Cap. One Bank*, No. 09-cv-4106, 2010 WL 691639, at *8 (S.D.N.Y. Mar. 1, 2010). That means a claim under the FCBA must be brought "within one year from the date of the violation." *Green*, 2013 WL 2444630, at *3. Here, Plaintiff alleges disputed transactions that occurred on May 1, 2017, and June 1, 2017. (Compl. at 4.) Accordingly, the statute of limitations expired May 1, 2018, and June 1, 2018, respectively. Plaintiff filed the instant complaint on September 25, 2020—more than two years after the limitations periods expired. Therefore, Plaintiff's FCBA claim against Citibank must be dismissed.[4]

---

[4] The Court need not address Defendant's other arguments for dismissal of the FCBA claim.

### II. Supplemental Jurisdiction Over Plaintiff's State Law Claims

Even if Plaintiff had properly pleaded a breach of contract claim against either Defendant—and, he did not[5]—the Court would decline to exercise jurisdiction in any event. "Although the dismissal of state law claims is not required when the federal claims in an action are dismissed, a federal court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3)." *Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist.*, 89 F. Supp. 3d 450, 459 (E.D.N.Y. 2015) (quoting *Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 237 (E.D.N.Y. 2015)). The Court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over pendent state law claims." *Id.* at 461 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "Once all federal claims have been dismissed, the balance of factors will 'usual[ly]' point toward a declination" of supplemental jurisdiction. *Lundy v. Catholic Health Sys. Long Island*, 711 F.3d 106, 118 (2d Cir. 2013).

The Court declines to exercise jurisdiction over Plaintiff's state law claims. Plaintiff brought the action in state court originally, and Citibank removed it based on its view that the complaint asserted an untimely federal claim. While all factors counsel in favor of the declination of jurisdiction, fairness weighs heavily. Plaintiff's choice of forum was New York state court, not federal court, and he should be able to prosecute his claims where he chose. Accordingly, the Court declines jurisdiction, *Green*, 2013 WL 2444630, at *4, and need not address Defendants' arguments to dismiss Plaintiff's state law claims.

---

[5] A breach of contract claim against under New York law must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) damages." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. N.Y.*, 375 F.3d 168, (2d Cir. 2004).

5

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed in its entirety. The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully DIRECTED to send a copy of this order by certified mail, return receipt requested, to pro se Plaintiff at his address of record.

SO ORDERED.

Dated: Brooklyn, New York
      September 28, 2022

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge